Jose Emiliano Morales MEDINA,
Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 08–72468.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 2011.[*]

Filed Jan. 25, 2011.

David Neumeister, Judith Seeds Miller, Law Office of David Neumeister, Bakersfield, CA, for Petitioner.

OIL, Russell John Verby, U.S. Department of Justice, Washington, DC, CAS–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Le-Fevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

MEMORANDUM [**]

Jose Emiliano Morales Medina, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals order dismissing his appeal from an immigration

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

judge's removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo due process challenges. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

The agency did not violate Morales Medina's due process rights by admitting the Form I–213 (Record of Deportable/Inadmissible Alien) because the form was probative, its admission was fundamentally fair, and Morales Medina did not allege coercion or error. *See Espinoza v. INS,* 45 F.3d 308, 310–11 (9th Cir.1995); *see also Trias–Hernandez v. INS,* 528 F.2d 366, 369 (9th Cir.1975) ("Hearsay is admissible in administrative proceedings, which need not strictly follow conventional evidence rules.") (citations omitted).

We lack jurisdiction to review Morales Medina's contention that the Form I–213 should not have been admitted for lack of proper authentication because he failed to raise that issue before the agency and thereby failed to exhaust his administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.